T.C. Memo. 1996-44

UNITED STATES TAX COURT

DANNY K. ELDRIDGE AND ELMA J. ELDRIDGE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28087-92.              Filed February 8, 1996.

<u>Richard H. Tye</u>, for petitioners.

<u>Gerald L. Brantley</u>, for respondent.

MEMORANDUM OPINION

PARR, <u>Judge</u>:  This matter is before the Court on
petitioners' motion filed September 18, 1995, and supplemental
motion filed November 6, 1995, for litigation costs pursuant to
Rules 230 through 232[1] and section 7430.[2]  In our opinion of

---

[1]    All Rule references are to the Tax Court Rules of Practice
                                        (continued...)

August 14, 1995, we decided that petitioners engaged in their cattle-raising activity for profit and that certain depreciation deductions claimed by petitioners were allowable for tax years 1987, 1988, and 1989. In addition, we found that petitioners were liable for negligence and substantial understatement additions to tax to the extent provided in our opinion. Finally, we held that petitioners were not liable for the increased rate of interest due on a substantial understatement attributable to a tax-motivated transaction under section 6621(c). Eldridge v. Commissioner, T.C. Memo. 1995-384. Our findings of fact and opinion in the underlying case are incorporated by this reference.

Section 7430 provides, inter alia, that, in any administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty, the prevailing party may be awarded reasonable administrative costs and litigation

---

[1](...continued)
and Procedure, and all section references are to the Internal Revenue Code unless otherwise indicated.

[2]    Although petitioners moved the Court for an award of both litigation and administrative costs, the statement of costs claimed by petitioners, which was attached to the motion as required by Rule 231(b)(8), indicates that the costs were incurred in connection with the filing of the petition and thereafter. Accordingly, we treat petitioners' motion as a motion solely for litigation costs. See Huffman v. Commissioner, T.C. Memo. 1991-144, affd. in part, revd. in part, and remanded 978 F.2d 1139 (9th Cir. 1992).

costs incurred in connection with the administrative and court proceeding. Sec. 7430(a); <u>Huffman v. Commissioner</u>, 978 F.2d 1139 (9th Cir. 1992), affg. in part, revg. in part, and remanding T.C. Memo. 1991-144; <u>Gustafson v. Commissioner</u>, 97 T.C. 85, 87-88 (1991). In order to be entitled to an award of reasonable administrative or litigation costs, the moving party must establish the following: (1) That the party is a "prevailing party" within the meaning of section 7430(c)(4)(A); (2) that the party did not unreasonably protract either the administrative or court proceeding; and (3) that the administrative or litigation costs claimed by the party are reasonable within the meaning of section 7430(c)(1) and (2). <u>Powers v. Commissioner</u>, 100 T.C. 457, 469 (1993), affd. in part, revd. in part, and remanded 43 F.3d 172 (5th Cir. 1995). With respect to claims for litigation costs, taxpayers also are required to show that administrative remedies were exhausted. <u>Id.</u> at 469.

A taxpayer is a "prevailing party" in a court proceeding only if it is established that: (1) The position of the United States in the proceeding was not substantially justified; (2) the taxpayer substantially prevailed with respect to the amount in controversy or with respect to the most significant issue presented; and (3) the taxpayer met the net worth requirements of 28 U.S.C. section 2412(d)(2)(B)(1988). Sec. 7430(c)(4)(A); <u>Comer Family Equity Pure Trust v. Commissioner</u>, 958 F.2d 136, 139 (6th Cir. 1992), affg. per curiam T.C. Memo. 1990-316; <u>Powers v.</u>

Commissioner, supra.  The term "position of the United States" in this context, see supra note 2, means the position taken by the United States in a judicial proceeding.  Sec. 7430(c)(7)(A).

Respondent concedes that petitioners substantially prevailed with respect to the amount in controversy and that petitioners meet the net worth requirement.  Respondent also concedes that petitioners exhausted their administrative remedies and that they have not unreasonably protracted this proceeding.  However, respondent argues that her position was substantially justified. If that question is resolved in favor of petitioners, there is a further question as to the amount of the litigation costs.

Whether Respondent's Position Was Substantially Justified

A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988).  It is not enough that a position simply has enough merit to avoid sanctions for frivolousness; it must have a "reasonable basis both in law and fact".  Id. at 564.  The burden of proving no substantial justification is on the taxpayers.  Rule 232(e); Estate of Johnson v. Commissioner, 985 F.2d 1315, 1318 (5th Cir. 1993); Baker v. Commissioner, 83 T.C. 822, 827 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir. 1986).

Whether the position of the United States in this proceeding was substantially justified depends on whether respondent's positions and actions were reasonable in light of the facts of

the case and the applicable legal precedents. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The Commissioner's position can be justified even if ultimately rejected by the court. Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993). The fact that respondent did not prevail in the underlying litigation does not require a determination that the position of the Internal Revenue Service was unreasonable, Broad Ave. Laundry & Tailoring v. United States, 693 F.2d 1387, 1391-1392 (Fed. Cir. 1982); however, it remains a factor to be considered. Heasley v. Commissioner, 967 F.2d 116, 120 (5th Cir. 1992), affg. in part, revg. in part, and remanding T.C. Memo. 1991-189; Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991).

Respondent's position in Eldridge v. Commissioner, T.C. Memo. 1995-384, was that petitioners did not engage in their cattle-raising activities for profit under section 183. In the analysis of a case under section 183, the determination of whether the requisite profit objective exists depends upon all the surrounding facts and circumstances of the case. Keanini v. Commissioner, 94 T.C. 41, 46 (1990); Engdahl v. Commissioner, 72 T.C. 659, 666 (1979); sec. 1.183-2(b), Income Tax Regs. Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of factors to be considered in determining whether an activity is engaged in for profit. These factors include: (1) The manner in which the taxpayers carried on the activity; (2) the expertise of

the taxpayers or their advisers; (3) the time and effort expended by the taxpayers in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayers in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayers; and (9) any elements indicating personal pleasure or recreation.  Although these factors are helpful in ascertaining a taxpayer's objective in engaging in the activity, no single factor, nor the existence of even a majority of the factors, is controlling; rather, the facts and circumstances of the case remain the primary test.  Keanini v. Commissioner, supra at 47.

As pointed out in our underlying opinion, petitioners did not show a profit for any of the years at issue and sustained losses from their cattle-raising activity over a 14-year period.  Also, petitioner husband had substantial income from his job in the natural gas industry.  Under the foregoing legal principles, those and other facts of record were indicative of an activity not engaged in for profit.  Petitioners presented other, persuasive evidence at trial that indicated that the activity was engaged in for profit.  After analyzing all of the facts and circumstances of the case, we concluded that petitioners did have the requisite profit objective.

The presence of the factors discussed above leads us to the conclusion that respondent's position had a reasonable basis in both law and fact.  Pierce v. Underwood, 487 U.S. 552, 565 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988).  Accordingly, we hold that respondent's position was substantially justified and that petitioners are not entitled to litigation costs under section 7430.  Based on this holding, we need not consider respondent's alternative position that the amount of costs claimed is not reasonable.  Petitioners' motion will therefore be denied.

An appropriate order will be issued.