T.C. Memo. 1999-110


UNITED STATES TAX COURT


SIDNEY DISHAL AND ANNA DISHAL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 687-97.                          Filed April 2, 1999.


<u>Dan L. Shehi</u>, for petitioners.

<u>Jeremy L. McPherson</u>, for respondent.


MEMORANDUM OPINION


PARR, <u>Judge</u>:  This matter is before the Court on
petitioners' motion for award of reasonable litigation costs
pursuant to section 7430[1] and Rule 231.

_____

[1]All section references are to the Internal Revenue Code as
amended and in effect, and all Rule references are to the Tax
Court Rules of Practice and Procedure, unless otherwise

(continued...)

Petitioners moved the Court for an award of litigation costs only. Accordingly, all costs claimed by petitioners are in connection with the filing of the petition and thereafter.

Neither party requested a hearing. The relevant facts are taken from the record. See Rule 232(a).

### General Background

The petition in the underlying case was filed on January 13, 1997. Respondent's answer was filed on March 4, 1997. A trial was held on February 11, 1998, in San Francisco, California. The sole issue at trial was whether petitioners engaged in their horse breeding and horse racing activities with the objective of making a profit within the meaning of section 183. We filed our Memorandum Findings of Fact and Opinion on November 10, 1998, holding that decision would be entered for petitioners. See Dishal v. Commissioner, T.C. Memo. 1998-397.

Respondent concedes that petitioners filed a timely motion for award of reasonable litigation costs, substantially prevailed with respect both to the amount in controversy and to the most significant issue presented in the proceeding, met the net worth requirements, and have not unreasonably protracted the Court proceedings.

### Discussion

---

[1](...continued)
indicated.

Section 7430 provides for the award of reasonable administrative and litigation costs to a taxpayer in an administrative or court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Internal Revenue Code.  An award of administrative or litigation costs may be made where the taxpayer:  (1) Is the prevailing party, (2) exhausted available administrative remedies,[2] and (3) did not unreasonably protract the administrative or judicial proceeding.  See sec. 7430(a) and (b)(1), (3).

Prevailing Party

To be a "prevailing party", a taxpayer must (1) substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented, and (2) meet the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (1984).  See sec. 7430(c)(4)(A)(i) and (ii). A taxpayer will not be treated as a prevailing party, however, if the United States establishes that its position was substantially justified.  See sec. 7430(c)(4)(B).

As we stated earlier, respondent concedes that petitioners substantially prevailed and met the net worth requirements.  The

---

[2]This requirement does not apply to an award for reasonable administrative costs.  See sec. 7430(b)(1).

parties primarily dispute, however, whether respondent's position in the judicial proceeding was substantially justified.

Petitioners contend that respondent's position in the judicial proceeding was not substantially justified. Respondent asserts that it was reasonable to argue that petitioners did not engage in their horse breeding and horse racing activities for profit. We agree with respondent. For the reasons set forth below, we shall deny petitioners' motion for award of reasonable litigation costs.

## Position of the United States

The position taken by the United States, for purposes of litigation costs, is the position of the United States in a judicial proceeding. See sec. 7430(c)(7)(A). Respondent took a position in the judicial proceeding herein on the date respondent's answer was filed--March 4, 1997. See Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-144.

## Substantial Justification

The Commissioner's position is substantially justified if that position could satisfy a reasonable person and if it has a reasonable basis in both fact and law. See Pierce v. Underwood, 487 U.S. 552, 565 (1988); Swanson v. Commissioner, 106 T.C. 76, 86 (1996). We examine the facts known to the Commissioner at the time the position was taken. See Coastal Petroleum Refiners,

Inc. v. Commissioner, 94 T.C. 685, 689 (1990).  The fact that the Commissioner eventually loses or concedes a case is not determinative of whether a taxpayer is entitled to reasonable litigation and administrative costs.  See Sokol v. Commissioner, 92 T.C. 760, 767 (1989).

Judicial Proceeding

We now consider whether respondent's position in the judicial proceeding was substantially justified.  The sole issue involved in the judicial proceeding was whether petitioners engaged in their horse breeding and horse racing activities for profit within the meaning of section 183.  Respondent's position in the judicial proceeding was that petitioners did not engage in their horse breeding and horse racing activities with the primary purpose of making a profit.

Whether a taxpayer is engaged in an activity with the requisite profit objective is determined from all the facts and circumstances.  E.g., Hulter v. Commissioner, 91 T.C. 371, 393 (1988); Taube v. Commissioner, 88 T.C. 464, 480 (1987); Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(a) and (b), Income Tax Regs.  More weight is given to objective facts than to the taxpayer's mere statement of his or her intent.  E.g., Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without

opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs.

The regulations promulgated under section 183 list the following nine factors that should normally be taken into account in determining whether an activity is engaged in for profit: (1) The manner in which the taxpayer carried on the activity, (2) the expertise of the taxpayer or his advisers, (3) the time and effort expended by the taxpayer in carrying on the activity, (4) the expectation that assets used in the activity may appreciate in value, (5) the success of the taxpayer in carrying on other similar or dissimilar activities, (6) the taxpayer's history of income or loss with respect to the activity, (7) the amount of occasional profits, if any, which are earned, (8) the financial status of the taxpayer, and (9) the extent to which elements of personal pleasure or recreation are involved. See sec. 1.183-2(b), Income Tax Regs. The list of factors in the regulations is not exclusive, and other factors may be considered in determining whether an activity is engaged in for profit. These factors are not merely a counting device where the number of factors for or against the taxpayer is determinative, but rather all facts and circumstances must be taken into account, and more weight may be given to some factors than others. Cf. Dunn v. Commissioner 70 T.C. 715 (1978), affd. on another issue 615 F.2d 578 (2d Cir. 1980). Not all factors are applicable in

every case, and no one factor is controlling.  See <u>Abramson v.</u>
<u>Commissioner</u>, 86 T.C. 360, 371 (1986); <u>Allen v. Commissioner</u>, 72
T.C. 28, 34 (1979); sec. 1.183-2(b), Income Tax Regs.

Petitioners state that at the time the notice of deficiency
was issued,[3] "there was no reasonable factual basis to support
[respondent's] determination that petitioners did not engage in
the business of horse racing and breeding with an intent to make
a profit."  We disagree.  Cases involving section 183 are almost
entirely factual in nature and require a weighing of factors, all
of which may be reasonably interpreted differently.  See <u>Brennan</u>
<u>v. Commissioner</u>, T.C. Memo. 1997-60; <u>Eldridge v. Commissioner</u>,
T.C. Memo. 1996-44; <u>Harrison v. Commissioner</u>, T.C. Memo. 1995-
295; <u>Leaphart v. Commissioner</u>, T.C. Memo. 1993-502, affd. without
published opinion 31 F.3d 1172 (3d Cir. 1994); <u>Jasienski v.</u>
<u>Commissioner</u>, T.C. Memo. 1993-449.

In the underlying case, we were required to weigh carefully
all the facts and circumstances and consider each of the factors
listed in the regulations promulgated under section 183.
Although we agreed with petitioners in the underlying case, there
were certain factors present that were indicative of an activity
not engaged in for profit.  Notwithstanding our conclusion that
petitioners did have the requisite profit objective, the presence

---

[3]Respondent's position in the administrative proceeding was
the same as in the judicial proceeding.  This is immaterial,
however, since petitioners do not seek administrative costs.

of these factors leads us to decide that respondent's position had a reasonable basis in both law and fact.  See <u>Pierce v. Underwood</u>, 487 U.S. at 565.  Accordingly, we hold that respondent's position was substantially justified and that petitioners are not entitled to litigation costs under section 7430.  Based on this holding, we need not consider respondent's alternative arguments that petitioners did not exhaust their administrative remedies and that the amount of the costs claimed is not reasonable.  Petitioners' motion will therefore be denied.

<u>An appropriate order and decision will be entered</u>.