T.C. Memo. 2003-136

UNITED STATES TAX COURT

JAMES L. AND SHERRI R. GOERTLER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3121-01.                    Filed May 13, 2003.

R determined a deficiency in Ps' tax for 1998
based on their failure to substantiate deductions for
personal exemptions under sec. 151(c), I.R.C., with
respect to persons claimed as dependents.  Ps filed a
petition for redetermination, and R subsequently
conceded the entire case.  Ps seek recovery of costs in
the amount of $880 pursuant to sec. 7430, I.R.C.

<u>Held</u>:  R's position in the proceeding at issue was
substantially justified within the meaning of sec.
7430(c)(4)(B)(i), I.R.C., thereby precluding Ps'
recovery of costs under that section.

James L. and Sherri R. Goertler, pro sese.

<u>Thomas J. Travers</u>, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  This case is before the Court on petitioners' motion for costs (the motion) pursuant to section 7430 and Rules 230 through 233.[1]  Petitioners seek to recover costs in the amount of $880 incurred in connection with respondent's determination of a deficiency in tax with respect to their taxable (calendar) year 1998.[2]  Respondent objects. Neither party requested an evidentiary hearing, and we conclude that such a hearing is not necessary for the proper disposition of the motion.  See Rule 232(a)(2).  Accordingly, we shall proceed on the basis of the parties' submissions.  For the reasons discussed below, we shall deny the motion.

### Factual and Procedural Background

Petitioners are husband and wife residing in Camas, Washington.  Petitioners made a joint return of Federal income tax for 1998 by filing a Form 1040, U.S. Individual Income Tax Return (1998 return).  Petitioners' certified public accountant (C.P.A.), David Austen, prepared the 1998 return.  On the 1998 return, petitioners claimed deductions (the section 151(c)

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  Petitioners initially sought to recover costs in the amount of $1,000.  After conferring with respondent pursuant to Rule 232(c), petitioners reduced the amount of costs for which they seek recovery to $880.

deductions) for personal exemptions with respect to three children claimed as dependents (the children).

By letter dated September 5, 2000, with which an examination report was enclosed, a Branch Chief at respondent's Ogden Customer Service Center notified petitioners that their 1998 return was under examination and requested documentation establishing the dependent status of the children. That request apparently was occasioned by respondent's discovery of a child support order with respect to one of the children.[3]  In pertinent part, the letter states as follows:

> Based upon our initial review of your return, we've prepared the enclosed examination report showing the proposed changes we will make to items on your return if we don't receive any additional information from you.  * * *
>
> *      *      *      *      *      *      *
>
> If you do not agree with the proposed changes, please include the following information with your response:
>
> *      *      *      *      *      *      *
>
> We will review what you send us and contact you as soon as possible.  Should you still disagree with our findings after we review your response and any additional information you provide, you have the right to file an administrative appeal * * * .  You first must have provided relevant information to the Contact Person named on this letter before your case can be considered by Appeals.

---

[3]  As listed on the 1998 return, the surname of the child in question does not match that of petitioners.  The surname of the other two children as listed on the 1998 return matches that of petitioners.

If we don't hear from you within 30 days from the date of this letter, we will send you a Notice of Deficiency * * * .

Petitioners did not respond to respondent's September 5, 2000, letter within the 30-day period prescribed therein.

By notice of deficiency dated November 29, 2000, respondent determined a deficiency in tax with respect to petitioners for 1998 in the amount of $3,068. That deficiency was attributable entirely to respondent's disallowance of the section 151(c) deductions.[4]

On February 28, 2001, petitioners filed the petition, assigning error to respondent's determination. Although Mr. Austen, petitioners' C.P.A., apparently prepared and mailed the petition, the petition does not identify Mr. Austen or anyone else as representing petitioners, nor did Mr. Austen or anyone else subsequently enter an appearance on behalf of petitioners.[5] On an unspecified date, Mr. Austen sent a copy of the petition to the examiner assigned to the case at the Ogden Customer Service Center (the Ogden examiner), along with the following handwritten note: "Dear Mr. Parizek: I ran out of time & filed a petition to Tax Court. If we can resolve the problem thru you great –

---

[4] Although respondent also disallowed the child tax credits that petitioners had claimed for two of the children, such disallowance was not reflected in respondent's computation of petitioners' corrected tax liability.

[5] We note that Mr. Austen is not authorized to practice before this Court.

David Austen [phone number]".  On April 24, 2001, respondent filed his answer, denying that he had erred.

By letter dated April 30, 2001, respondent's Portland Appeals Office notified petitioners that it had received petitioners' appeal request (which is not contained in the record) and was transferring the case to respondent's San Francisco Appeals Office due to a staffing shortage.  The letter further indicated that, once the San Francisco Appeals Office had assigned petitioners' case to an Appeals officer, that Appeals officer would contact them.

By letter dated June 4, 2001, Appeals Officer D.R. Eddings of respondent's San Francisco Appeals Office invited petitioners to contact him to schedule a conference.  Mr. Eddings also sent a copy of his letter to Mr. Austen as petitioners' authorized representative.  On June 27, 2001, Mr. Austen faxed a letter to Mr. Eddings asking him to "review the documents, provided." However, Mr. Austen apparently failed to include the referenced documents with his letter.[6]  On July 18, 2001, Mr. Austen sent documents to Mr. Eddings with a letter identifying the enclosures as "copies of documents sent to the audit section."  One of the documents included with Mr. Austen's July 18 letter (and attached as an exhibit to respondent's objection to the motion) is a copy

[6]  The identifying information generated by Mr. Austen's fax machine/software and printed at the top of the letter indicates that the fax consisted of only two pages.

of a letter from Mr. Austen to the Ogden examiner dated January 29, 2001, purporting to transmit "the documents you requested in your examination". Petitioners make no reference to the January 29, 2001, letter, and respondent claims that he has been unable to locate in his files any correspondence prior to July 18, 2001, containing the requested documentation. We infer from the foregoing that respondent did not, in fact, receive the requested documentation prior to July 18, 2001.

Petitioners and Mr. Eddings reached a basis of settlement in October 2001. Pursuant to that settlement, respondent's counsel conceded the entire case.

Petitioners filed the motion on March 8, 2002. The costs petitioners seek to recover consist entirely of fees incurred for services performed by Mr. Austen.

## Discussion

### I. Section 7430

#### A. General Scope

Section 7430 provides that a taxpayer may recover reasonable costs, including attorney's fees, incurred in connection with any tax proceeding (administrative or judicial) against the United States if the taxpayer is the prevailing party in such proceeding. Section 7430(c)(4)(B) provides that a taxpayer shall not be treated as the prevailing party in any proceeding if the United States establishes that its position in the proceeding was

substantially justified.  The position of the United States in an administrative proceeding is established as of the earlier of (1) the date the taxpayer receives notice of a decision of the I.R.S. Office of Appeals, or (2) the date of the notice of deficiency. Sec. 7430(c)(7)(B).  The position of the United States in a deficiency proceeding in this Court is that set forth in the Commissioner's answer.  E.g., Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442 (1997); see sec. 7430(c)(7)(A).

B.  Substantial Justification

For purposes of section 7430, a position of the United States is substantially justified if it has a reasonable basis in both law and fact.  E.g., Maggie Mgmt. Co. v. Commissioner, supra at 443.  The determination of the reasonableness of that position is based upon the available facts that formed the basis for the position, as well as any controlling legal precedent.  Id.  The inquiry is not a static one; that is, a position of the United States that was reasonable when established may become unreasonable in light of changed circumstances.  See, e.g., Wasie v. Commissioner, 86 T.C. 962, 969 (1986); see also sec. 301.7430-5(c)(2), Proced. & Admin. Regs. (any award of administrative costs may be limited to costs attributable to the portion of the proceeding during which the position of the I.R.S. was not substantially justified).  The fact that the Commissioner ultimately concedes an issue does not, by itself, establish that

his prior position with respect to that issue was unreasonable.
Maggie Mgmt. Co. v. Commissioner, supra at 443.  However, it is a
factor that may be considered.  Id.

II.  Analysis

A.  Characterization of the Motion

Although the motion is styled "Motion for Administration
[sic] Costs", it references both an "administrative proceeding"
and a "Court proceeding".  In addition, the motion states that
petitioners exhausted all administrative remedies, which is a
requirement for the recovery of litigation costs.  See sec.
7430(b)(1).  Finally, the earliest time entry submitted by Mr.
Austen in connection with the motion is dated February 28, 2001,
the date on which petitioners filed the petition.[7]  We shall
therefore treat the motion as a request for litigation costs.
See, e.g., Eldridge v. Commissioner, T.C. Memo. 1996-44 n.2.

B.  Respondent Established That His Position Was
Substantially Justified

Respondent established the position of the United States in
the subject judicial proceeding as of the date of his answer.

_____

[7]  Because Mr. Austen dealt with respondent's Appeals
Division on a postpetition basis, his fees relating to such
activity are properly categorized as litigation costs rather than
administrative costs.  See, e.g., Han v. Commissioner, T.C. Memo.
1993-386; see also sec. 301.7430-4(c)(3) and (4), Example (2),
Proced. & Admin. Regs. (administrative costs include costs
incurred in working with Appeals up to and including the time of
the filing of the petition, but do not include (1) the costs of
preparing and filing the petition, and (2) postpetition costs).

See sec. 7430(c)(7)(A).  Based on the facts available to respondent at that time, as well as long-standing legal precedent regarding the availability of tax deductions, respondent's position had a reasonable basis in both law and fact and therefore was substantially justified.  See Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 443.  When respondent filed his answer, he had received none of the documentation requested of petitioners to substantiate the section 151(c) deductions.  Since deductions are a matter of "legislative grace", New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934), a taxpayer claiming a deduction "must be able to point to an applicable statute and show that he comes within its terms."  Id.  Furthermore, we have observed on numerous occasions in the context of section 7430 that whenever the resolution of an adjustment requires a factual determination, it is reasonable for the Commissioner to stand by his adjustment until he has received from the taxpayer, and has had a reasonable period of time to verify, documentation sufficient to substantiate the item in question.  See, e.g., Huynh v. Commissioner, T.C. Memo. 2002-110 (involving section 151(c) deductions).

We note further that when respondent's Appeals officer finally received, by letter dated July 18, 2001, the documentation requested of petitioners, he agreed to a basis of settlement within a reasonable period (approximately 90 days)

thereafter. Cf. <u>Sliwa v. Commissioner</u>, 839 F.2d 602, 609 (9th Cir. 1988) (6-month delay between I.R.S. receipt of requested documents and resulting concession of case was not objectively unreasonable), affg. an unreported Order of this Court.  Thus, respondent's position was substantially justified throughout the duration of the judicial proceeding.

In essence, petitioners complain that respondent had no basis for challenging the section 151(c) deductions in the first place (at least with regard to two of the children).[8]  Given petitioners' failure to respond to respondent's September 5, 2000 letter in a timely manner, that is not a valid claim.  See <u>Roberts v. Commissioner</u>, 62 T.C. 834, 836-837 (1974) (in the context of a taxpayer's refusal to substantiate his deductions, the Court rejected the argument that the Commissioner may assess deficiencies only when he has specific information that a claimed deduction is not permitted); cf. <u>Powers v. Commissioner</u>, 100 T.C. 457, 472-474 (1993) (Commissioner's position in notice of deficiency was not substantially justified because it had no factual basis and the Commissioner had made no attempt to obtain information about the case before adopting the position), affd. in part and revd. in part on another issue, 43 F.3d 172 (5th Cir. 1995).  Taxpayers must be prepared to substantiate their deductions upon request.  See sec. 6001 (requiring taxpayers to

---

[8]  See <u>supra</u> note 3.

maintain adequate records with regard to their liability for tax).

III.  Conclusion

Because respondent's position in the subject judicial proceeding was substantially justified, petitioners are not entitled to recover any of their claimed costs under section 7430.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.