T.C. Memo. 2007-281

UNITED STATES TAX COURT

RICHARD EDWIN AND EVA RUTH ELDER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7218-06.                Filed September 17, 2007.

<u>Richard E. Elder</u>, for petitioners.

<u>Margaret A. Martin</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on petitioners' motion for an award of administrative
and litigation costs pursuant to section 7430 and Rule 231.[1]  For
the reasons discussed below, we shall deny petitioners' motion.

_____

[1] Unless otherwise indicated, section references are to the
Internal Revenue Code in effect at relevant times, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Background

At the time the petition was filed, petitioners resided in Moraga, California. Petitioner Richard Elder is an attorney admitted to practice before the Tax Court. Petitioner Eva Elder is not an attorney.

In 2003, petitioners received distributions totaling $6,621 from Roth individual retirement accounts (Roth IRAs).[2] Petitioners used the proceeds for first-time homebuyer expenses. Petitioners did not report the distributions as taxable income on their joint 2003 Federal income tax return.

The Roth IRAs were held through E Trade Clearing LLC (E Trade). Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., issued by E Trade list "J" as the distribution code. According to the instructions for the Form 1099-R for 2003, distribution code J indicates:

> a distribution from a Roth IRA where * * * there are no known exceptions. For example, you may not know whether an exception under section 72(t) applies (such as medical expenses, first-time homebuyer, etc.) or whether the distribution is a qualified distribution

---

[2] In general, contributions to a traditional individual retirement account (IRA) are deductible when made, but distributions from the IRA are subject to tax. See Orzechowki v. Commissioner, 69 T.C. 750, 755 (1978), affd. 592 F.2d 677 (2d Cir. 1979). In contrast, contributions to a Roth IRA are not deductible, but qualified distributions generally are not subject to tax. Sec. 408A(c)(1), (d). We discuss the taxation of Roth IRA distributions in greater detail below.

because the taxpayer qualifies as a first-time homebuyer under section 408A(d)(2).

Respondent examined petitioners' 2003 Federal income tax return and issued a notice of proposed adjustments, commonly referred to as a 30-day letter, in August 2005. Respondent proposed to include the distributions in gross income and impose a 10-percent early withdrawal penalty. The 30-day letter states in part: "Our records indicate that the full taxable amount of your retirement distribution(s) as shown on Form 1099R was not reported on your tax return. Please complete and return a Form 8606, Nondeductible IRAs, as verification of the taxable amount of the distribution(s)."

Petitioners disagreed with the proposed adjustments and indicated that they would provide respondent with Forms 8606, Nondeductible IRAs. As is relevant here, Form 8606 asks taxpayers to provide the total distributions from Roth IRAs, including distributions for qualified first-time homebuyer expenses. The taxpayer then subtracts from this amount his basis in his Roth IRA contributions and his qualified first-time homebuyer expenses. Form 8606 indicates that the remainder, if any, is the amount of taxable Roth IRA distributions.

In their response to the 30-day letter, petitioners stated that they were moving and that some of their records were in storage. Petitioners also questioned the need to provide basis information for their Roth IRA contributions. Petitioners

indicated that if basis information was not necessary, they could provide the Forms 8606 sooner.

Respondent did not receive the Forms 8606 from petitioners and issued a notice of deficiency in January 2006 determining a deficiency of $2,681 in petitioners' joint income tax for 2003. Respondent determined that the Roth IRA distributions were includable in gross income and asserted a 10-percent early withdrawal penalty.

In a letter dated April 1, 2006, petitioners enclosed Forms 8606 indicating that no portion of the Roth IRA distributions was taxable. The letter states that petitioners used the Roth IRA distributions for qualified first-time homebuyer expenses. The letter also states that petitioners had been attempting to complete the Forms 8606 for some time but had been unable to obtain basis information. Petitioners wrote in part that "figuring out what [they] spent on stocks [they] bought as far back as 1996 has been difficult to impossible."

The petition herein was filed on April 14, 2006. Petitioners' case was assigned to an Appeals officer on May 16, 2006. After reviewing the file and performing research, the Appeals officer concluded on May 18, 2006, that the notice of deficiency was correct because a distribution from a Roth IRA could not qualify for the first-time homebuyer expense exception.

On July 6, 2006, Mr. Elder and the Appeals officer spoke by telephone. In a letter dated and sent by facsimile the same day, Mr. Elder memorialized the conversation. Mr. Elder indicated that he would perform additional legal research, although he did not state when he expected to complete the research.

On July 10, 2006, Mr. Elder again spoke to the Appeals officer by phone and memorialized the conversation in a letter sent via facsimile the same day. The letter states in part:

> I believe that your interpretation of the law is incorrect and that if you would provide me with a day or two to complete the research that I have started, I believe I can present you with authorities from the code and/or regulations which would convince you to drop the case. * * *
>
> If the foregoing does not comport with your recollection * * *, please advise.

On the same day, the Appeals officer closed petitioners' case and gave the administrative file to her manager. On July 11, 2006, petitioners sent a letter to the Appeals officer discussing in detail the Internal Revenue Code provisions and Treasury regulations that govern distributions from Roth IRAs for first-time homebuyer expenses (July 11 letter). The analysis in the letter indicates, inter alia, that a distribution from a Roth IRA can satisfy the exception for first-time homebuyer expenses. The July 11 letter was date stamped received by the Internal Revenue Service on July 17, 2007. It is not clear whether the Appeals officer ever saw the July 11 letter.

Petitioners' case was assigned to an attorney for respondent on December 5, 2006. Over the next 2 weeks, the parties exchanged correspondence. In a letter dated December 19, 2006, respondent's counsel indicated she had read and agreed with the legal analysis set forth in petitioners' July 11 letter. Respondent's counsel also stated, however, that factual issues remained unresolved. Respondent's counsel asked for evidence establishing that petitioners had held the Roth IRAs for 5 years and that petitioners had incurred first-time homebuyer expenses. Petitioners provided the requested information, and on January 10, 2007, respondent conceded that the distributions were not taxable.

On January 24, 2007, Mr. Elder filed an entry of appearance. In February 2007, petitioners filed the motion for an award of administrative and litigation costs. Respondent filed an objection to the motion, and petitioners filed a reply.

## Discussion

### I. In General

Section 7430(a) allows a taxpayer to recover reasonable administrative and litigation costs. Recoverable costs include reasonable court costs, postage expenses, and attorney's fees. Sec. 7430(c)(1) and (2); Dunaway v. Commissioner, 124 T.C. 80 (2005).

Administrative and litigation costs may be awarded if the taxpayer (1) is the prevailing party, (2) exhausted available administrative remedies, (3) did not unreasonably protract the court proceedings, and (4) claimed reasonable litigation costs. Sec. 7430(a), (b)(1), (b)(3), (c)(1). The requirements of section 7430 are conjunctive, and failure to satisfy any one of the requirements precludes an award of costs. Goettee v. Commissioner, 124 T.C. 286, 289 (2005), affd. 192 Fed. Appx. 212 (4th Cir. 2006). Furthermore, section 7430 is a waiver of sovereign immunity and must be strictly construed in the Government's favor. Estate of Cervin v. Commissioner, 200 F.3d 351, 355 (5th Cir. 2000), affg. T.C. Memo. 1998-176; Simpson v. Commissioner, T.C. Memo. 1995-194.

To be the prevailing party, the taxpayer must substantially prevail with respect to either the amount in controversy or the most significant issue, or set of issues, presented. Sec. 7430(c)(4)(A)(i). In addition, the taxpayer must meet certain net worth requirements. Sec. 7430(c)(4)(A)(ii). The taxpayer will not be treated as the prevailing party, however, if the Commissioner establishes that the Commissioner's position was substantially justified. Sec. 7430(c)(4)(B); see also Pierce v. Underwood, 487 U.S. 552, 565 (1988).

Respondent concedes that petitioners exhausted all administrative remedies, did not unreasonably protract the court

proceedings, prevailed with respect to the amount in controversy, and met the net worth requirements. Respondent contends, however, that (1) his position was substantially justified, (2) petitioners did not pay or incur attorney's fees, and (3) to the extent petitioners did pay or incur attorney's fees, the amounts claimed are not reasonable.

II. Whether Respondent's Position Was Substantially Justified

The Commissioner's position is substantially justified if, based on all of the facts and circumstances and the legal precedents relating to the case, the Commissioner acted reasonably. Pierce v. Underwood, supra; Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The Commissioner bears the burden of proving his position had a reasonable basis in both fact and law. Sec. 7430(c)(4)(B); Pierce v. Underwood, supra; Rickel v. Commissioner, 900 F.2d 655, 665 (3d Cir. 1990), affg. in part and revg. in part on other grounds 92 T.C. 510 (1989).

We adopt an issue-by-issue approach to the awarding of costs under section 7430, apportioning the requested award of fees among the issues according to whether the Commissioner's position on a particular issue was substantially justified. See Swanson v. Commissioner, 106 T.C. 76, 102 (1996); Hennessey v. Commissioner, T.C. Memo. 2007-131. Although the notice of deficiency contained other adjustments, the parties' disagreement

centered on the taxation of the Roth IRA distributions.  We therefore limit our discussion to this issue.[3]

To decide whether the Commissioner's position was substantially justified, we first identify the point in time at which the United States is considered to have taken a position and then decide whether the position taken from that date forward was substantially justified.  Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442 (1997).  The fact that the Commissioner eventually concedes or loses a case does not establish that his position was not substantially justified.  Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Corkrey v. Commissioner, 115 T.C. 366, 373 (2000).  However, the Commissioner's concession is a factor to be considered.  Estate of Perry v. Commissioner, supra.

In general, we bifurcate our analysis and look separately at the dates that the Government took a position in the administrative proceeding and in the proceeding in this Court.  Sec. 7430(c)(7)(A) and (B); Huffman v. Commissioner, 978 F.2d

--------

[3] In his objection, respondent contends that the petition did not make clear whether petitioners were also contesting the other adjustments in the notice of deficiency because "the petition alleged nothing with respect to [those] adjustments". The Appeals Case Memorandum states, however, that petitioners are "not disputing these issues, as they are di minimus [sic] and the real issue is the Roth [IRA] distribution."  Furthermore, we have repeatedly held that issues not raised in the petition are deemed to be conceded.  See Nicklaus v. Commissioner, 117 T.C. 117, 120 n.4 (2001); Evan v. Commissioner, T.C. Memo. 2004-180 n.1.

1139, 1144 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144.  We therefore look at the date the notice of deficiency was issued, sec. 7430(c)(7)(B)(ii), and the date respondent's counsel became involved in the case,[4] <u>Huffman v. Commissioner</u>, <u>supra</u>; <u>Estate of Merchant v. Commissioner</u>, 947 F.2d 1390, 1392 & n.6 (9th Cir. 1991), affg. T.C. Memo. 1990-160.

A.   <u>The Administrative Proceeding</u>

Respondent's position in the administrative proceeding was substantially justified.  Gross income includes all income from whatever source derived unless excluded by a specific provision of the Internal Revenue Code.  Sec. 61(a).  A distribution from a Roth IRA is excluded from gross income to the extent that it is a return of the owner's contributions or if it is a qualified distribution.  Sec. 408A(d)(1); <u>Widemon v. Commissioner</u>, T.C. Memo. 2004-162; sec. 1.408A-6, Q&A-1(b), Income Tax Regs.  As is relevant here, a qualified distribution is one that is made after a 5-year period and meets the exception for first-time homebuyer

---

[4] The Commissioner generally takes a position in the Court proceeding when the answer is filed. <u>Corson v. Commissioner</u>, 123 T.C. 202, 206 (2004).  This case was originally designated a small tax case, and therefore no answer was required.  See Rule 173(b) as in effect when the petition was filed.  Respondent conceded that the Roth IRA distributions were not taxable on Jan. 10, 2007.  Upon petitioners' motion, we removed the "S" designation on Jan. 29, 2007.  Respondent filed an answer on Apr. 13, 2007.

expenses.  Sec. 72(t)(2)(F); sec. 1.408A-6, Q&A-1(b), Income Tax Regs.

The Forms 1099-R do not list petitioners' contributions to their Roth IRAs and indicate that no known exception excluded the distributions from gross income.  The 30-day letter, which was issued in August 2005, asked petitioners to establish that the distributions were nontaxable and to provide Forms 8606, which petitioners agreed to do.  When petitioners failed to provide the Forms 8606 by January 2006, respondent was substantially justified in issuing the notice of deficiency.  See Uddo v. Commissioner, T.C. Memo. 1998-276; sec. 301.7430-5(c)(1) and (h), Example 1, Proced. & Admin. Regs.

Petitioners concede they had not yet provided the Forms 8606 when the notice was issued.  But they contend that other documents in respondent's possession, such as prior years' tax returns and prior years' Forms 5498, IRA Contribution Information,[5] "showed that the distributions were qualified distributions, not income."  Petitioners are incorrect.

Section 6001 requires a taxpayer to maintain records that are sufficient to enable the Commissioner to determine his or her correct tax liability.  See also sec. 1.6001-1(a), Income Tax

---

[5] A Form 5498, IRA Contribution Information, is issued by a third party that maintains a Roth IRA for the taxpayer.  As its name suggests, the Form 5498 shows the amount of contributions the taxpayer made during the taxable year to the Roth IRA.

Regs.  The books or records required shall be kept at all times available for inspection by authorized internal revenue officers or employees.  Sec. 1.6001-1(e), Income Tax Regs.  Thus, respondent was not required to maintain records on petitioners' behalf.

Furthermore, even if respondent did have prior years' records indicating that the distributions were nontaxable, each taxable year stands on its own, and the Commissioner may challenge in a succeeding year what was overlooked in previous years.  See Rose v. Commissioner, 55 T.C. 28, 31-32 (1970); Hahn v. Commissioner, T.C. Memo. 2007-75.  Accordingly, respondent was not required to accept information reported on previous years' tax returns and Forms 5498.  We therefore conclude that respondent's position in the administrative proceeding was substantially justified.

B.  The Court Proceeding

Costs incurred in connection with the filing of a petition and costs incurred thereafter are considered litigation costs. McGowan v. Commissioner, T.C. Memo. 2005-80; sec. 301.7430-4(c)(3) and (4), Example 2, Proced. & Admin. Regs. Because petitioners dealt with the Office of Appeals after the petition was filed, any costs relating to such activity are litigation costs rather than administrative costs.  See Goertler

v. Commissioner, T.C. Memo. 2003-136 n.7; sec. 301.7430-4(c)(4), Example 2, Proced. & Admin. Regs.

In support of their view that respondent's position was not substantially justified, petitioners discuss at length the Appeals officer's actions and the erroneous legal conclusion that she reached. We are not unsympathetic to the delay and frustration caused by the Appeals officer's misinterpretation of the law. Furthermore, we agree with petitioners that it should not be "[the taxpayer's] job to help employees of the Internal Revenue Service understand the tax code", as petitioners attempted to do in their July 11 letter. Nevertheless, the Government's litigating position is formed only after the Government's attorney becomes involved in the case. See Huffman v. Commissioner, supra; Estate of Merchant v. Commissioner, supra; Andary-Stern v. Commissioner, T.C. Memo. 2002-212. Petitioners' discussions with the Appeals officer occurred before respondent's counsel became involved in the case. The Appeals officer's conclusion does not represent respondent's litigating position and does not prevent that position from being substantially justified. We therefore focus on the actions taken by respondent's counsel.

As discussed above, respondent did not initially file an answer. See supra note 4. Respondent's counsel was assigned this case on December 5, 2006. Approximately 2 weeks later,

respondent's counsel acknowledged the Appeals officer's mistake and requested additional substantiation. Once petitioners provided the requested information, respondent's counsel promptly conceded. Under the circumstances, we conclude that respondent's position in the court proceeding was substantially justified. See Bertolino v. Commissioner, 930 F.2d 759, 761 (9th Cir. 1991) (upholding the denial of litigation costs where the Commissioner's attorney settled the case "with reasonable dispatch"); Andary-Stern v. Commissioner, supra (the Commissioner is given a reasonable period of time to resolve factual issues after receiving all relevant information); see also Estate of White v. Commissioner, T.C. Memo. 2007-54 (and cases cited therein).

Because respondent's position was substantially justified, petitioners are not entitled to recover administrative costs or litigation costs. Accordingly, we need not decide whether petitioners paid or incurred attorney's fees or whether the claimed fees are reasonable. In reaching our holding, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and<br>decision will be entered.