T.C. Memo. 2005-106

UNITED STATES TAX COURT

SUSANNE SHAW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15888-03.               Filed May 11, 2005.

<u>Jeffrey D. Stoermer</u>, for petitioner.

<u>Donald E. Edwards</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Chief Judge</u>:  This matter is before us on
petitioner's motion pursuant to Rule 231 for an award of
reasonable administrative and litigation costs under section

7430.[1]  In accordance with Rule 232, the parties have filed
affidavits and memoranda in support of their respective
positions.  The primary issues to be addressed are:  (1) Whether
petitioner exhausted the administrative remedies available to her
within the Internal Revenue Service as required by section
7430(b)(1) and is eligible for an award of litigation costs; (2)
whether the position of the United States in the administrative
proceeding was substantially justified so as to preclude an award
of administrative costs to petitioner under section
7430(c)(4)(B); (3) whether the position of the United States in
this Tax Court proceeding was substantially justified so as to
preclude an award of litigation costs to petitioner under section
7430(c)(4)(B); and (4) in the event that petitioner is determined
to be entitled to recover administrative and/or litigation costs,
whether she is entitled to recover, as part of her litigation
costs, any additional expense she incurs in pursuing this motion.

Background

At the time that she filed her petition, petitioner resided
in Tulsa, Oklahoma.  On the Federal income tax return that she
filed for 2002, petitioner claimed that she was entitled to head
of household filing status and a $4,522 refund.  Among other
things on her 2002 return, petitioner claimed (1) dependency

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

exemptions for her two children, Brent Shaw (Brent) and Ronald Shaw (Ronald), (2) an earned income tax credit of $3,075, and (3) a child tax credit of $821.

On April 4, 2003, respondent's Compliance Center in Austin, Texas, mailed a 30-day letter to petitioner proposing to disallow her:  (1) Head of household filing status and instead to treat her as a single filer; (2) dependency exemptions for her two children, Brent and Ronald; (3) earned income tax credit; and (4) child care tax credit.  The 30-day letter included an address and telephone number to contact by May 4, 2003, if petitioner did not agree with the proposed changes to her 2002 return.

Shortly after she received the April 4, 2003, 30-day letter, petitioner retained Jeffrey D. Stoermer (petitioner's counsel) to represent her in the above matter concerning her claimed 2002 tax refund.  Petitioner did not respond to the 30-day letter.

On June 13, 2003, respondent issued to petitioner a notice of deficiency for 2002 in which respondent determined an income tax deficiency of $5,227.  Among other things, respondent determined that petitioner should use a filing status of single and disallowed her earned income credit, child care credit, and claimed exemptions for her two children.

On September 11, 2003, petitioner filed her Tax Court petition[2] in this case seeking review of the notice of deficiency that was issued to her for 2002. At no time during the period from her receipt of the April 4, 2003, 30-day letter through September 11, 2003, when she filed her petition, did petitioner request an Appeals Office conference.

On October 15, 2003, respondent filed his answer asserting that his determinations in the notice of deficiency should be sustained.

From July 2, 2003, through September 29, 2004, petitioner provided substantial information and documentation to the Internal Revenue Service supporting her entitlement to head of household filing status and to her claimed exemptions and earned income and child care credits.

Petitioner and her representatives advised respondent that petitioner was married, but they maintained that in 2002 petitioner and her husband lived apart. Initially, petitioner's counsel communicated only with the Taxpayer Advocate's Office and an examiner in respondent's Examination Division. Later, on October 14, 2003, after petitioner filed her petition and respondent prepared his answer, respondent's counsel forwarded the administrative file to the Appeals Office in Oklahoma City.

---

[2] Though the Court filed the petition on Sept. 16, 2003, the Sept. 11, 2003, date of the postmark on the cover in which the petition was mailed is deemed to be the date of delivery. See sec. 7502(a)(1).

On October 16, 2003, an Appeals officer sent petitioner's counsel a letter offering petitioner an Appeals conference. Thereafter, petitioner's counsel and the Appeals officer corresponded and held telephone conferences concerning the issues and evidence in the case. On August 6, 2004, petitioner's counsel sent the Appeals officer a fax indicating he needed to gather more information and had to interview two potential witnesses before discussing the possibility of settlement with the Appeals officer.

On August 9, 2004, this Court issued its notice setting this case for trial at the trial session in Oklahoma City, Oklahoma, beginning on January 10, 2005. On September 7, 2004, the Appeals officer, having received no further documentation from petitioner's counsel, forwarded her Appeals Transmittal and Case Memorandum to respondent's associate area counsel, thereby releasing the case from the Appeals Office. The Appeals officer still questioned whether petitioner lived apart from her husband for the requisite amount of time during the 2002 taxable year to qualify for head of household filing status.[3]

---

[3] See secs. 2(b)(1), (c), 7703(b). If petitioner and her husband had filed jointly for 2002, their combined incomes would have exceeded the threshold for qualifying for the earned income credit by a married couple filing jointly with more than one child. If petitioner's correct filing status were married filing separately rather than head of household, she also would not qualify for the earned income credit for that year. See sec. 32(d).

On September 28, 2004, respondent's associate area counsel reviewed the administrative file and determined that consideration should be given to conceding all issues in the case. On September 29, 2004, respondent's Appeals officer spoke with petitioner's counsel and learned that petitioner would be obtaining from her husband an affidavit stating that her husband did not live with her during the last 6 months of 2002. On October 4, 2004, respondent's associate area counsel approved a settlement memorandum recommending respondent's full concession of the case. In a letter to petitioner's counsel dated October 13, 2004, respondent notified petitioner of respondent's decision to concede the case.

On December 2, 2004, after the filing of the parties' supplemental stipulation of settlement, petitioner filed her instant motion seeking an award of administrative and litigation costs under section 7430. In her motion, petitioner seeks to recover certain fees and costs that she incurred from April 10, 2003, through November 24, 2004, plus any additional expenses that she might incur in pursuing that motion. From April 10, 2003, through November 24, 2004, petitioner incurred the following fees and costs:

| Type of Fees and Costs | Total |
|---|---|
| Attorney's fees | $4,770.00 |
| Paralegal's fees | 1,770.00 |
| Miscellaneous costs: | |
|   Fax | 7.80 |
|   Photocopies | 27.20 |
|   Postage and express mail | 34.07 |
|   Long distance | 30.00 |
|   Filing fee | 60.00 |
| | 159.07 |
| Total | 6,699.07 |

Of the $4,770 in attorney's fees and $1,770 in paralegal's fees, $1,623 covered work done from April 10 through September 11, 2003, when petitioner filed her Tax Court petition. Of the $1,623, $546 may have related to the preparation and filing of the petition.

## Discussion

Petitioner seeks to recover under section 7430 administrative and litigation costs that she incurred after respondent's April 4, 2003, 30-day letter was mailed to her.

Respondent acknowledges: (1) Petitioner substantially prevailed both with respect to the amounts in controversy and with respect to the most significant issues presented; (2) petitioner meets the net worth requirements provided by law; (3) petitioner has not unreasonably protracted the administrative and Court proceedings; and (4) the specified costs that petitioner claims are reasonable in amount within section 7430(a).

In opposing petitioner's recovery of administrative and litigation costs, respondent primarily contends, however: (1) Because petitioner did not request and participate in an Appeals Office conference before filing her Tax Court petition, she failed to exhaust her administrative remedies and is precluded from recovering litigation costs under section 7430(b)(1); (2) the position of the United States in the administrative proceeding was substantially justified so that petitioner was not a prevailing party in that proceeding and is not entitled to recover administrative costs under section 7430(a)(1) and (c)(4)(B); and (3) the position of the United States in this judicial proceeding was substantially justified so that petitioner was not a prevailing party in this proceeding and is not entitled to recover litigation costs under section 7430(a)(2) and (c)(4)(B).

Except as provided in section 7430(c)(4)(B), petitioner must show that she meets each of the requirements of section 7430. See Rule 232(e).

## I. Exhaustion of Administrative Remedies

Section 7430(b)(1) requires that a taxpayer take advantage of all "available" administrative remedies to be eligible for an award of litigation costs. Haas & Associates Accountancy Corp. v. Commissioner, 117 T.C. 48, 57 (2001), affd. 55 Fed. Appx. 476 (9th Cir. 2003); see H. Rept. 97-404, at 13 (1982) (explaining

that this statutory requirement is intended to preserve the role that the administrative appeals process plays in the resolution of tax disputes by requiring taxpayers to pursue such remedies before litigation).

A taxpayer generally is not regarded as having exhausted available administrative remedies unless (1) before filing a Tax Court petition, the taxpayer participates in an Appeals Office conference, or (2) if no Appeals Office conference is granted, the taxpayer, before the issuance of a notice of deficiency in the case of a Tax Court petition, (a) requests an Appeals Office conference and (b) files a written protest if a written protest is required to obtain an Appeals Office conference.  Sec. 301.7430-1(a) and (b)(1), Proced. & Admin. Regs.; see Rogers v. Commissioner, T.C. Memo. 1987-374 (noting that before the issuance of a notice of deficiency, the Internal Revenue Service is seeking facts to decide whether it should determine a tax deficiency and thereby force a taxpayer to incur litigation costs or pay the determined tax; noting further that the regulations are designed to require a taxpayer to either disclose information needed by the Internal Revenue Service to make its decision or forgo recovery of the taxpayer's litigation costs).  Though not applicable here, certain limited exceptions apply to relieve taxpayers of the requirement that they either participate in or request an Appeals Office conference in order to be treated as

having exhausted available administrative remedies.  Sec. 301.7430-1(f) and (g), Examples (4) and (5), Proced. & Admin. Regs.; see also Kaufman v. Egger, 758 F.2d 1, 3 (1st Cir. 1985); Burke v. Commissioner, T.C. Memo. 1997-127.

Petitioner failed to request an Appeals Office conference before respondent's issuance of the notice of deficiency, even though the April 4, 2003, 30-day letter advised petitioner of her right to file an administrative appeal.  Indeed, petitioner did not commence dealing with the Appeals Office until well after she filed her Tax Court petition.  Accordingly, we hold that petitioner failed to exhaust her available administrative remedies as required by section 7430(b)(1) and is ineligible for an award of reasonable litigation costs under section 7430(a)(2).[4]  See Haas & Associates Accountancy Corp. v. Commissioner, supra at 57-59; Roginiel v. Commissioner, T.C. Memo. 2002-270; Swanagan v. Commissioner, T.C. Memo. 2000-294. In light of this holding, for the purposes of deciding whether to award petitioner reasonable litigation costs, we need not decide whether the position of the United States in this proceeding was substantially justified so that petitioner would not be treated as the prevailing party.

_____

[4] Petitioner's litigation costs are those incurred (1) in connection with the preparation and filing of her Tax Court petition and (2) after the filing of the petition.  See sec. 301.7430-4(c)(3) and (4), Example (2), Proced. & Admin. Regs.

II.  Reasonableness of the Position of the United States in the Administrative Proceeding With Respect to Administrative Costs

As previously discussed, respondent contends that petitioner does not qualify for an award of reasonable administrative costs because the position of the United States in the administrative proceeding was substantially justified.  A taxpayer is not treated as a prevailing party if the Commissioner can establish that the Commissioner's position in the administrative proceeding was substantially justified.  Sec. 7430(c)(4)(B); Rule 232(e).

We must identify the point at which the United States is first considered to have taken a position in the administrative proceeding, and then decide whether that position from that point forward was substantially justified.  For purposes of the administrative proceeding in this case, respondent's position is that which was articulated in the notice of deficiency issued to petitioner on June 13, 2003, as the Appeals Office never considered petitioner's entitlement to her claimed 2002 refund before the issuance of the notice of deficiency.  See sec. 7430(c)(7)(B); Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 85-87 (2004), affd. ___ F.3d ___ (11th Cir., Mar. 31, 2005); Maggie Management Co. v. Commissioner, 108 T.C. 430, 442 (1997); sec. 301.7430-5(b), Proced. & Admin. Regs.

A position in the notice of deficiency is substantially justified if it is "justified to a degree that could satisfy a reasonable person" and has a "reasonable basis in both law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (interpreting similar language in the Equal Access to Justice Act, 28 U.S.C. sec. 2412 (1988)); Swanson v. Commissioner, 106 T.C. 76, 86 (1996). A reasonable basis exists if legal precedent substantially supports the Commissioner's position given the facts available to the Commissioner. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990). In deciding whether the Commissioner acted reasonably, this Court must "consider the basis for * * * [the Commissioner's] legal position and the manner in which the position was maintained." Wasie v. Commissioner, 86 T.C. 962, 969 (1986).

The fact that the Commissioner eventually loses or concedes the case is not conclusive as to whether the taxpayer is entitled to an award of administrative costs. Coastal Petroleum Refiners, Inc. v. Commissioner, supra at 689; Wasie v. Commissioner, supra at 968-969. It remains, however, a relevant factor to consider in deciding the degree of the Commissioner's justification. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991) (award of litigation costs in the Court of Appeals), affg. T.C. Memo. 1990-123; Swanson v. Commissioner, supra at 94.

As of June 13, 2003, when respondent issued the notice of deficiency, petitioner had not responded to the April 4, 2003, 30-day letter or communicated in any way with the examiner, except perhaps to make one telephone call to the Taxpayer Advocate's Office. Although petitioner eventually provided substantial documentation and information (much of which earlier had been requested in the 30-day letter) supporting her claimed filing status, personal exemptions for her two children, earned income credit, and child care credit, virtually all of this documentation and information was provided to the Internal Revenue Service well after the notice of deficiency was issued on June 13, 2003. It was not until July 2, 2003, that petitioner first began providing documents to the examiner. As of September 11, 2003, when petitioner filed her petition, she had still failed to establish her entitlement to head of household filing status and the earned income credit. Indeed, not until much later, on September 29, 2004, did petitioner inform respondent that she would be obtaining an affidavit from her husband that he did not live with her during the last 6 months of 2002. See supra p. 6. We find that the position respondent took in the notice of deficiency and maintained through September 11, 2003,

was substantially justified.[5]  Coastal Petroleum Refiners, Inc.
v. Commissioner, supra at 688-689; see also Corkrey v.
Commissioner, 115 T.C. 366, 375 n.5 (2000) (citing McDaniel v.
Commissioner, T.C. Memo. 1993-148, for the propositions that (1)
whenever there is a factual determination, the Commissioner is
not obliged to concede a case until the Commissioner receives the
necessary documentation to prove the taxpayer's contentions, and
(2) the Commissioner must be given reasonable time to analyze the
documents and make adjustments after receiving the documents).

From June 13, 2003 (the date of the notice of deficiency),
through September 11, 2003 (the date upon which petitioner filed
her petition), respondent's position with respect to all issues
in the administrative proceeding was substantially justified.
See sec. 7430(c)(4)(B); sec. 301.7430-5(c)(1), Proced. & Admin.
Regs.  As a result, we hold that petitioner is not eligible to
receive an award of reasonable administrative costs under section
7430(a)(1).

---

[5] Costs petitioner incurred (1) in connection with the
preparation and filing of her Tax Court petition and (2) after
the Sept. 11, 2003, filing of the petition would be litigation
costs rather than administrative costs.  Sec. 301.7430-4(c)(3)
and (4), Example (2), Proced. & Admin. Regs.  As we have
previously held, petitioner is ineligible for an award of
reasonable litigation costs because of her failure to exhaust
administrative remedies as required by sec. 7430(b)(1).

III.  <u>Additional Expenses in Pursuing This Motion</u>

In light of our above holdings that petitioner is not eligible to recover reasonable administrative and litigation costs under section 7430, we hold that petitioner is not entitled to recover, as part of her litigation costs, additional expenses (if any) she incurred in pursuing this motion.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.