T.C. Memo. 2008-90

UNITED STATES TAX COURT

CHARLES B. COVERT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12751-05.                    Filed April 8, 2008.

<u>George W. Connelly, Jr.</u>, for petitioner.

<u>Susan K. Greene</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This case is before the Court on
petitioner's motion for litigation costs including attorney's
fees pursuant to section 7430[1] and Rule 231.

---

[1]All section references are to the Internal Revenue Code,
and all Rule references are to the Tax Court Rules of Practice
and Procedure, unless otherwise indicated.

We are asked to decide whether petitioner is entitled to recover litigation costs. We hold that he is not.

### Background

Respondent issued petitioner a notice of proposed deficiency (30-day letter) proposing deficiencies in his income tax for 2001, 2002, and 2003 regarding whether petitioner, a psychiatrist, operated his ranch for a profit under section 183. The notice of proposed deficiency also advised petitioner of his opportunity for review by the Appeals Office and informed petitioner that his rights in court, including, for example, the right to litigation costs, depended on his full participation in the administrative consideration of his case, including Appeals Office review.

Petitioner met with his counsel, David Allie (Mr. Allie), before the 30-day period expired, and the two decided to forego a hearing with the Appeals Office and await the deficiency notice to petition the Tax Court. Petitioner and Mr. Allie believed this course would avoid a protracted battle with respondent and reasoned that a hearing would only delay a resolution of the case. Accordingly, petitioner did not request an Appeals Office conference. Neither petitioner nor his counsel met with an Appeals officer for an Appeals Office conference before the petition was filed.

Respondent sent petitioner a deficiency notice in which he determined a $184,551 deficiency for 2001, a $163,532 deficiency for 2002, and a $150,638 deficiency for 2003. Petitioner filed a petition with this Court. The sole issue for each year was whether petitioner engaged in his ranching activity for profit as defined by section 183.

Mr. Allie met with the Appeals officer assigned to petitioner's case several months after the petition was filed. Mr. Allie believed that the Appeals officer was not interested in settling the case under terms acceptable to petitioner.

Petitioner retained new counsel, George Connelly, before the trial. After trial, respondent conceded all issues in the deficiency notice, and the parties filed a Stipulation of Settled Issues resulting in no deficiencies due from petitioner for any of the years at issue. Petitioner now seeks to recover $223,457.68 in litigation costs from respondent, including his attorney's fees.

## Discussion

We now address whether petitioner may recover any of the $223,457.68 in litigation costs. The prevailing party may be awarded reasonable litigation costs in any court proceeding by or against the United States. Sec. 7430(a)(2). If the Government establishes that its position was substantially justified, the moving party will not be treated as having prevailed. Sec.

7430(c)(4)(B).  A prevailing party must establish, in order to obtain such an award, that (1) the party has exhausted the administrative remedies available; (2) the party has substantially prevailed in the controversy; (3) the party satisfies certain net worth requirements; (4) the party has not unreasonably protracted the proceedings; and (5) the amount of costs is reasonable.  Sec. 7430(b) and (c).  We may grant petitioner's motion if he meets all of the statutory requirements for an award of litigation costs.  See sec. 7430(b) and (c); see also Rule 232(e); Swanagan v. Commissioner, T.C. Memo. 2000-294.

A threshold requirement exists for the recovery of litigations costs.  The taxpayer must have exhausted the available administrative remedies before filing a petition.  Sec. 7430(b)(1); Burke v. Commissioner, T.C. Memo. 1997-127; sec. 301.7430-1(a), Proced. & Admin. Regs.  A taxpayer exhausts his or her administrative remedies where an Appeals Office conference is available only if the taxpayer participated in such a conference before filing a petition.  Burke v. Commissioner, supra; sec. 301.7430-1(b)(1), (g), Example (11), Proced. & Admin. Regs.  None of the limited exceptions applies here to relieve petitioner of the requirement that he participate in an Appeals Office conference to be treated as having exhausted available administrative remedies.  See Shaw v. Commissioner, T.C. Memo. 2005-106.

"The Appeals Mission is to resolve tax controversies, without litigation."  4 Administration, Internal Revenue Manual (CCH), pt. 8.1.1.1(1), at 27,003 (Oct. 23, 2007).  The Internal Revenue Service is seeking facts during the Appeals phase to decide whether it should determine a deficiency and thereby force a taxpayer to incur litigation costs or pay the determined tax.  See, e.g., Shaw v. Commissioner, supra.  This Court has previously warned taxpayers and their counsel about waiving the opportunity for an Appeals Office conference where a taxpayer hopes to comply with the exhaustion-of-administrative-remedies requirement to preserve a right to recover litigation costs.  Haas & Associates Accountancy Corp. v. Commissioner, 117 T.C. 48, 62 (2001), affd. 55 Fed. Appx. 476 (9th Cir. 2003).  This Court seeks to preserve the role that the administrative appeal process plays in resolving tax disputes by requiring taxpayers to participate in an Appeals Office conference before litigation.  See Burke v. Commissioner, supra (citing H. Rept. 97-404, at 13 (1981) and Technical Explanation of Committee Amendment, 127 Cong. Rec. 15594 (daily ed. Dec. 16, 1981)).

Respondent issued petitioner the 30-day letter, providing him with an opportunity for an Appeals Office conference. Petitioner's affidavit explains that because he believed a meeting with the Appeals officer would delay resolution of his case, he did not pursue a conference before filing a petition in

this Court. Petitioner's counsel argues that a conference would have been futile. Mr. Allie's affidavit states that when he met with the Appeals officer after filing the petition, he understood that the Appeals Office was determined to take the case to trial and settlement was not a possibility. As a result, petitioner claims that his decision to forego an Appeals Office conference should not bar reimbursement of litigation costs. We disagree.

Petitioner was advised of his right to challenge respondent's determination in an Appeals Office conference. He chose not to participate in such a conference. He was warned that, in many instances, this meant he would have no opportunity to recover litigation costs.

We hold that petitioner did not exhaust his administrative remedies by participating in an Appeals Office conference, and, therefore, petitioner is not entitled to an award of reasonable litigation costs. Accordingly, we need not, nor do we, address whether any remaining requirements of section 7430 have been satisfied.

To reflect the foregoing,

> An order will be issued denying petitioner's motion for litigation costs, as supplemented, and decision will be entered for petitioner.