T.C. Memo. 2013-59

UNITED STATES TAX COURT

LEE STOREY AND WILLIAM STOREY, DECEASED,[1] Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10230-10.                    Filed February 25, 2013.

<u>Gregory Alan Robinson</u> and <u>Laurie A. Laws</u>, for petitioners.

<u>Chris J. Sheldon</u>, for respondent.

---

[1]Petitioners' counsel notified the Court that petitioner William Storey had died after the petition was filed. Petitioners' counsel failed to indicate whether an estate has or will be opened. We changed the caption accordingly.

**[\*2]**                        MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This case is before the Court on petitioners' motion for an award of administrative and litigation costs under section 7430.[2]  We are asked to decide whether petitioners are entitled to recover administrative and litigation costs. We hold they are not.

                              <u>Background</u>

The underlying facts and analysis of this case are set out in detail in <u>Storey v. Commissioner</u>, T.C. Memo. 2012-115, and are not generally restated here. Additional evidence relevant to petitioners' motion is set forth in affidavits and attachments the parties filed as part of their motion papers.  We summarize the factual and procedural background briefly to rule on the motion.

Petitioner Lee Storey[3] produced and directed a documentary film (film activity).  Petitioners had reported on their tax returns losses from the film activity for 2003 through 2008.

---

[2]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[3]For convenience we refer to Lee Storey as petitioner.

[*3]   Respondent audited petitioners' tax returns for 2003, 2004 and 2005, questioning whether petitioner had engaged in the film activity for profit. Respondent's Appeals Office settled the unagreed audit by issuing a "no-change letter" in November 2007.  Respondent issued the no-change letter because the presumption in section 183(d) did not apply as petitioner had been engaged in the film activity for only three years.

Respondent later audited the returns for 2006, 2007 and 2008 (years at issue), again questioning whether petitioner had engaged in the film activity for profit. Respondent issued a 30-day letter that proposed disallowing expenses from the film activity claimed as deductions and proposed a deficiency for the years at issue.  The 30-day letter contained instructions for requesting an Appeals conference if petitioners did not agree with the proposed adjustments.  The 30-day letter also informed petitioners that their rights, including potential recovery of legal costs, depended on their fully participating in the administrative consideration of their case, including consideration by respondent's Appeals Office.  Petitioners did not request an Appeals conference.

Respondent issued a deficiency notice to petitioners for the years at issue, determining that petitioner had not engaged in the film activity for profit and

**[*4]** consequently disallowing deductions petitioners claimed in connection with the film activity. Petitioners timely filed a petition with this Court. Again, petitioners did not participate in nor request an Appeals conference before they filed the petition.

A trial was held, and we issued the Memorandum Opinion in which we found in petitioners' favor. Petitioners thereafter filed a motion for $18,957[4] of administrative costs and $141,044 of litigation costs. Respondent filed a response to the motion. The parties later filed additional materials supplementing the motion and the response. Neither party requested an evidentiary hearing, and we conclude that a hearing is unnecessary to resolve the motion. See Rule 232(a)(2).

## Discussion

We now address whether petitioners are entitled to an award of administrative or litigation costs. A taxpayer may be awarded administrative or litigation costs in an administrative or court proceeding brought against the United States in connection with a tax matter if certain requirements are met. Sec. 7430. The taxpayer must establish that he or she (1) is the prevailing party, (2) has

---

[4]All monetary amounts are rounded to the nearest dollar.

**[\*5]** exhausted the available administrative remedies,[5] (3) has not unreasonably protracted the administrative or court proceeding and (4) has claimed administrative or litigation costs that are reasonable. Sec. 7430(a) and (b). The moving party bears the burden of proving that these requirements have been met. Rule 232(e).

A taxpayer is generally the prevailing party if (1) the taxpayer substantially prevailed on either the amount in controversy or the most significant issue or set of issues and (2) meets certain net worth requirements. See sec. 7430(c)(4)(A). A taxpayer, however, will not be treated as a prevailing party if the Commissioner's position in the proceeding was substantially justified. Sec. 7430(c)(4)(B). The Commissioner has the burden of establishing that his position was substantially justified. See sec. 7430(c)(4)(B)(i); Rule 232(e).

We find that petitioners failed to meet the requirements for an award of litigation costs. We generally so find because they failed to exhaust available administrative remedies. We also find petitioners fail to meet the requirements for an award of administrative costs. We generally so find because respondent's position in the administrative proceeding was substantially justified, thus precluding prevailing party status. We now explain each of our findings.

---

[5]This requirement applies only to litigation costs. See sec. 7430(b)(1).

**[\*6]** A. <u>Exhaustion of Available Administrative Remedies</u>

We first consider whether petitioners exhausted their available administrative remedies. A taxpayer must have exhausted the administrative remedies available within the Internal Revenue Service before filing a Tax Court petition to qualify for an award of litigation costs.[6] Sec. 7430(b)(1); <u>Burke v. Commissioner</u>, T.C. Memo. 1997-127; sec. 301.7430-1(a), Proced. & Admin. Regs. A taxpayer generally fails to exhaust his or her administrative remedies with respect to any tax matter for which an Appeals conference is available unless one of the following two conditions is met. <u>See</u> sec. 301.7430-1(a), (b)(1), (g), Proced. & Admin. Regs.; <u>see also</u> <u>Shaw v. Commissioner</u>, T.C. Memo. 2005-106; <u>Burke v. Commissioner</u>, T.C. Memo. 1997-127. The first condition is that the taxpayer must participate in an Appeals conference before filing a petition.[7] Sec.

---

[6]There are certain limited exceptions that apply to relieve taxpayers of the requirement that they pursue administrative remedies. <u>See</u> sec. 301.7430-1(f) and (g), <u>Examples</u> (<u>4</u>) and (<u>5</u>), Proced. & Admin. Regs.; <u>see also</u> <u>Shaw v. Commissioner</u>, T.C. Memo. 2005-106. None of those exceptions, however, applies here.

[7]The Appeals Office's mission "is to resolve tax controversies, without litigation." Internal Revenue Manual, pt. 8.1.1.1(1) (Oct. 23, 2007). The Internal Revenue Service (IRS) is seeking facts during the Appeals phase to decide whether it should determine a deficiency and thereby force a taxpayer to incur litigation costs or pay the tax. <u>See, e.g.</u>, <u>Shaw v. Commissioner</u>, T.C. Memo. 2005-106.

**[*7]** 301.7430-1(a), (b)(1), Proced. & Admin. Regs. The second condition is that the taxpayer must, before the issuance of a deficiency notice, (1) request an Appeals conference and (2) file a written protest (if required for an Appeals conference). Id.

Here, respondent sent petitioners the 30-day letter, providing them the opportunity to request an Appeals conference to resolve the matter before the deficiency notice was issued. Moreover, the 30-day letter informed petitioners that failing to participate in the Appeals process could negatively impact their right to recover administrative and litigation costs. Petitioners chose, nevertheless, not to participate in or request an Appeals conference before they filed the petition.[8] And none of the exceptions applies to relieve petitioners of the requirement that they participate in or request an Appeals conference. We hold, based on all the facts and circumstances, that petitioners failed to establish that

---

[8]It is unclear exactly why petitioners chose to forgo the Appeals process. Petitioner's affidavit reflects that she believed respondent was intransigent in his position with respect to the film activity. Her affidavit also reflects that she believed that if she did not wage a major counter-attack at the administrative level, she would face "a life sentence of IRS audits." It appears that petitioners elected to bypass Appeals as part of their litigation strategy. This does not relieve them of the requirement to exhaust all available administrative remedies before filing the petition if they wish to preserve their right to seek litigation costs. See Haas & Assocs. Accountancy Corp. v. Commissioner, 117 T.C. 48, 62 (2001), aff'd, 55 Fed. Appx. 476 (9th Cir. 2003).

**[*8]** they exhausted their available administrative remedies and that they therefore are ineligible for an award of reasonable litigation costs.

B. <u>Substantial Justification</u>

We now consider whether respondent's position in the administrative proceeding was substantially justified. We first identify respondent's position for purposes of the administrative proceeding. The Commissioner's position for an administrative proceeding is the position he takes as of the earlier of (1) the date the taxpayer receives the decision notice of the Appeals Office, or (2) the date of the deficiency notice. Sec. 7430(c)(7)(B); sec. 301.7430-5(b), Proced. & Admin. Regs. Petitioners did not receive a decision notice from the Appeals Office before the deficiency notice was issued. Accordingly, respondent's position for the administrative proceeding is that which was asserted in the deficiency notice issued to petitioners.

The Commissioner's position is substantially justified if, based on all the known facts and circumstances and relevant legal precedents, the Commissioner acted reasonably. See <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988); <u>Sher v. Commissioner</u>, 89 T.C. 79, 84 (1987), <u>aff'd</u>, 861 F.2d 131 (5th Cir. 1988). The relevant inquiry is whether the Commissioner knew or should have known that his position was invalid when adopted, given the facts available and any legal

**[\*9]** precedent related to the case. Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995), aff'g T.C. Memo. 1994-182; Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1987); Prouty v. Commissioner, T.C. Memo. 2002-175. A position has a reasonable basis in fact if there is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Underwood, 487 U.S. at 564-565; Huffman v. Commissioner, 978 F.2d 1139, 1147 n.8 (9th Cir. 1992), aff'g in part, rev'g in part and remanding T.C. Memo. 1991-144. The Commissioner's position may be incorrect yet nevertheless substantially justified "if a reasonable person could think it correct." Underwood, 487 U.S. at 566 n.2.

Respondent's position during the administrative proceeding was that petitioner failed to engage in the film activity for profit. This Court considers whether an activity is engaged in for profit on a case-by-case basis, taking into account the facts and circumstances involved. See Golanty v. Commissioner, 72 T.C. 411, 426 (1979), aff'd without published opinion, 647 F.2d 170 (9th Cir. 1981). We structure our analysis of whether an activity is engaged in for profit around nine nonexclusive factors. Sec. 1.183-2(b), Income Tax Regs.

These nine factors are fact intensive and generally focus on the facts at issue, not the facts before or after the relevant years. No one factor or set of factors is controlling, nor is the existence of a majority of factors favoring or

**[*10]** disfavoring a profit objective controlling. Keating v. Commissioner, 544 F.3d 900, 904 (8th Cir. 2008), aff'g T.C. Memo. 2007-309; Hendricks v. Commissioner, 32 F.3d 94, 98 (4th Cir. 1994), aff'g T.C. Memo. 1993-396; Golanty v. Commissioner, 72 T.C. at 426-427; sec. 1.183-2(b), Income Tax Regs. The individual facts and circumstances of each case are the primary test, with greater weight to be given to objective facts than to the taxpayer's statement of intent. See Indep. Elec. Supply, Inc. v. Commissioner, 781 F.2d 724, 726-727 (9th Cir. 1986), aff'g Lahr v. Commissioner, T.C. Memo. 1984-472; Abramson v. Commissioner, 86 T.C. 360, 371 (1986); Engdahl v. Commissioner, 72 T.C. 659, 666 (1979); sec. 1.183-2(a) and (b), Income Tax Regs.

Petitioners contend that respondent's administrative position was not reasonably based on the law and facts. We disagree. Evaluating whether an activity was engaged in for profit is essentially factual in nature and requires a weighing of factors, all of which may be reasonably interpreted differently. See Dishal v. Commissioner, T.C. Memo. 1999-110; see also Brennan v. Commissioner, T.C. Memo. 1997-60; Eldridge v. Commissioner, T.C. Memo. 1996-44; Harrison v. Commissioner, T.C. Memo. 1995-295; Leaphart v. Commissioner, T.C. Memo. 1993-502, aff'd without published opinion, 31 F.3d 1172 (3d Cir. 1994); Jasienski v. Commissioner, T.C. Memo. 1993-449.

**[*11]** Here, we weighed all the facts and circumstances and considered each of the relevant factors. We found that petitioner had shown that she engaged in the film activity for profit. We recognized, however, that some factors indicated no profit motive. Specifically, we found that petitioner had a history of losses, earned significant income from other sources and appeared to enjoy filmmaking. We ultimately decided that these factors were outweighed by the facts, some of which were first introduced or developed at trial, demonstrating that petitioner did engage in the film activity for profit.

Notwithstanding our conclusion regarding the merits, respondent presented facts supporting his position that petitioner's primary objective in conducting her film activity was not to make a profit. And respondent's arguments with respect to this highly fact-intensive issue were reasonable. Although we did not ultimately agree with respondent's legal conclusion, respondent has persuaded us that his position had a reasonable basis in fact and law. We hold, therefore, that respondent's administrative position regarding the for-profit issue was substantially justified and that petitioner is not entitled to an award of administrative costs under section 7430.

**[*12]** Based on our holdings, we find that petitioners failed to satisfy necessary requirements to recover litigation or administrative costs.[9] Petitioners' motion will therefore be denied.

We have considered all the arguments of the parties, and, to the extent we have not addressed them, we find them to be irrelevant, moot or meritless.

To reflect the foregoing,

An appropriate order and decision will be entered.

---

[9]Because of our holdings, we need not address whether petitioners satisfied any of the remaining requirements of sec. 7430.